{¶ 37} I concur in the majority's analysis and disposition of appellants' first assignment of error. However, I respectfully dissent from the majority's disposition of appellants' second and third assignments of error.
 {¶ 38} I do not believe the economic loss doctrine applies to bar appellants' negligence claim. Unlike Chemtrol Adhesives, Inc. v. AmericanMfrs. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, appellants in the case sub judice are not commercial entities in privity of contract with appellee. They do not have equality in bargaining power with appellee. As recognized in Chemtrol, an ordinary consumer, not in privity with the manufacturer, may have an action in negligence to protect the consumer's property interests. Id. at 45-46. Accordingly, I would sustain appellants' second assignment of error and reinstate their negligence claim.
 {¶ 39} I would also reinstate appellants' claim for a violation of the Consumer Sales Practices Act. The Act is remedial and to be liberally construed. The purpose of the Act is to compel disclosure by manufacturers of buyback (lemon) vehicles. To apply the statute of limitations in this case allows appellee to benefit from its alleged concealment and thwart the purpose of the statute. Under these circumstances, it is equitable to toll the running of the statute of limitations due to appellee's concealment, and estop appellee from asserting the statute commenced at the time of sale. Accordingly, I would also sustain appellants' third assignment of error and reinstate their claim for a violation of the CSPA.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part, reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to be divided equally between the parties, half to appellants and half to appellee Chrysler Corporation.